UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAY C. CRESSMAN<br>and<br>NICOLE BRENNAN,<br>　　　　Plaintiffs,<br><br>　　v.<br><br>LINCARE INC.<br>　　　　Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. 02-CV-2783<br><br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Lincare Inc. ("Lincare"), by its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint ("Complaint"), in accordance with the numbered paragraphs thereof, as follows:

1. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

2. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**PARTIES, JURISDICTION AND VENUE**

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

4. Admitted.

5. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

6. Admitted that Lincare is authorized to do business within the Commonwealth of Pennsylvania and maintains a place of business at 85 Tomlinson

1

Road, Huntingdon Valley, Montgomery County, Pennsylvania. The remaining allegations of this paragraph are denied.

7. Admitted that Plaintiffs were employed at Lincare's Huntingdon Valley office. The remaining allegations of this paragraph are denied.

8. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

9. The allegations of this paragraph constitute conclusions of law to which no response is required.

## STATEMENT OF MATERIAL FACTS

10. Admitted.

11. Admitted that some services provided by Lincare are paid through insurance programs including Medicaid, Medicare and other state and federal funded health care programs. The remaining allegations of this paragraph are denied.

12. Admitted that Medicaid, Medicare and other state and federal medical insurance programs have billing and service guidelines for providers, including Lincare, to follow when providing services and equipment to participants in these programs. The remaining allegations of this paragraph are denied.

13. Admitted.

14. Admitted.

15. Denied.

16. Denied.

17. Denied.

18. Admitted that Nicole Brennan made allegations of wrongful and/or wasteful practices to Lincare. The remaining allegations of this paragraph are denied.

19. Admitted that Cressman made allegations of wrongful and/or wasteful practices to Lincare. The remaining allegations of this paragraph are denied.

20. Exhibit A is a writing which speaks for itself, and to the extent that the averments of paragraph 20 are inconsistent therewith, each and every such averment is denied. The remaining allegations of this paragraph are denied.

21. Admitted that Plaintiffs were terminated from their employment on or about January 4, 2002. The remaining allegations of this paragraph are denied.

22. Denied.

23. Denied.

24. Denied.

## Answer to Count I

25. Defendant incorporates its responses to the allegations of paragraphs 1 through 24 of Plaintiffs' complaint as if repeated verbatim.

26. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

27. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied

28. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

29. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

30. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## Answer to Count II

31. Defendant incorporates its responses to the allegations of paragraphs 1 through 30 of Plaintiffs' complaint as if repeated verbatim.

32. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

33. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## Answer to Count III

34. Defendant incorporates its responses to the allegations of paragraphs 1 through 33 of Plaintiffs' complaint as if repeated verbatim.

SL1 266221v1/30438.001

35. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

36. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

37. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

38. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

39. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## Answer to Count IV

40. Defendants incorporates its responses to the allegations of paragraphs 1 through 39 of Plaintiffs' complaint as if repeated verbatim.

41. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

42. The allegations of this paragraph are denied as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

### **Affirmative Defenses**

1. Defendant incorporates each and every response in paragraphs 1 through 42 as though set forth at length here.

2. The Complaint fails to state claims upon which relief may be granted.

3. Plaintiffs have no claims against Lincare under the Whistleblower Law, 43 P.S. § 1422, because Lincare is not a public body.

4. Plaintiffs have no claims against Lincare under the Whistleblowers Law because Plaintiffs' discharges were due to their own misconduct.

5. Plaintiffs have no claims against Lincare for wrongful discharge because Plaintiffs were at-will employees.

6. Plaintiffs' claims are barred by the doctrine of unclean hands.

7. Plaintiffs' claims are barred by their fraudulent and improper conduct.

8. Plaintiffs' claims are barred by the doctrines of estoppel, laches and waiver.

9. Plaintiffs are not entitled to attorney's fees or witness fees.

10. Plaintiffs are not entitled to punitive damages.

11. Plaintiffs are not entitled to reinstatement of fringe benefits and seniority rights.

12. Plaintiffs are not entitled to an award of back pay.

13. Plaintiffs' claims are subject to set-off and/or recoupment due to the improper and fraudulent conduct of Plaintiffs.

WHEREFORE, Defendant respectfully requests that judgment be entered in its favor and against Plaintiffs on the allegations of the complaint and Defendant be awarded its costs of this action, including reasonable attorneys' fees, together with such additional relief as the Court deems just and proper.

Dated:  June 10, 2002                         STEVENS & LEE, P.C.


By:_____
　　Charles J. Bloom
　　Attorney I.D. No. 10086
　　One Glenhardie Corporate Center
　　1275 Drummers Lane, Suite 202
　　Wayne, PA  19087
Attorneys for Defendant

## CERTIFICATE OF SERVICE

      I, Charles J. Bloom, Esquire, certify that on this date, I served a certified true and correct copy of the foregoing Answer and Affirmative Defenses upon the following counsel of record, by United States Mail, addressed as follows:

      Gerald J. Williams, Esq.
      William Cuker & Berezofsky
      One Penn Center at Suburban Station Building
      1617 JFK Blvd, Suite 800
      Philadelphia, PA  19103

      _____
      Charles J. Bloom

Date:  June _____, 2002

SL1 266221v1/30438.001