IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAY C. CRESSMAN and NICOLE BRENNAN,  Plaintiffs,  v.  LINCARE INC.,  Defendant. | : CIVIL ACTION NO. 02-CV-2783 : : : The Honorable Judge Katz : : : : : : |

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND TO STRIKE PLAINTIFFS' DEMAND FOR A JURY TRIAL**

Pursuant to Rules 12(c) and 12(f) of the Federal Rules of Civil Procedure, Defendant Lincare Inc. ("Lincare") hereby moves for Judgment on the Pleadings and to Strike Plaintiffs' Demand for a Jury Trial, on the grounds that:

1. Plaintiffs cannot maintain a common law wrongful discharge claim where an alternate statutory remedy - Pennsylvania's Whistleblower Law, 43 Pa. C.S.A. § 1422 ("Whistleblower Law") - is available.

2. Plaintiffs' demand for a jury trial should be stricken because as noted above, the only cognizable claim for Plaintiffs is under the Whistleblower Law, and the Whistleblower Law provides no right to a jury trial.

WHEREFORE, for the reasons set forth above and in the accompanying Memorandum of Law in support of this motion, which is

1

incorporated herein in its entirety, Defendant Lincare Inc. respectfully requests that the Court grant their Motion for Judgment on the Pleadings and to Strike Plaintiffs' Demand for a Jury Trial.

Dated: October ____, 2002

                              STEVENS & LEE

                              By _____
                                    Charles J. Bloom
                                    Attorney I.D. No. 10086
                                    One Glenhardie Corporate Center
                                    Suite 202
                                    1275 Drummers Lane
                                    P.O. Box 236
                                    Wayne, Pennsylvania 19087-0236
                                    (610) 964-1480

                              Attorneys for Defendant Lincare Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAY C. CRESSMAN<br>and NICOLE BRENNAN,<br>    Plaintiffs,<br><br>v.<br><br>LINCARE INC.,<br>    Defendant. | CIVIL ACTION NO. 02-CV-2783<br><br>The Honorable Judge Katz |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO <u>STRIKE PLAINTIFFS' DEMAND FOR JURY TRIAL</u>**

**I.  Introduction**

This action is an attempt by plaintiffs Jay C. Cressman ("Cressman") and Nicole Brennan ("Brennan") (collectively, "Plaintiffs") to obtain payments from Lincare Inc. ("Lincare"), their former employer, after each was terminated from their employment.  Plaintiffs claim they were terminated in response to complaints each made about allegedly improper practices of Lincare allegedly in violation of Pennsylvania's Whistleblower Law ("Whistleblower Law"), 43 Pa. C.S.A. §§ 1421-1428.  [Plaintiffs' First Amended Complaint, ("Complaint"), ¶¶ 29, 38].  Plaintiffs also bring common law wrongful discharge claims, alleging their termination violated public policy as reflected in the Whistleblower Law.

3

[Complaint ¶¶ 32, 41].  Plaintiffs' Complaint also includes a demand for a jury trial.

Lincare files this motion for judgment on the pleadings because Plaintiffs' wrongful discharge claim is barred under Pennsylvania law.  As we demonstrate below, because the Whistleblower Law provides a statutory remedy for Plaintiffs' alleged harm, Plaintiffs cannot pursue a common law wrongful discharge cause of action.  In addition, Lincare moves to strike Plaintiffs' demand for a jury trial because Plaintiffs are not entitled to a jury trial on their Whistleblower Law claims.

**II.    Background**

Accepting as true the allegations of Plaintiffs' Complaint for the purposes of this Motion, and without waiving the right to dispute these allegations at a later date, the relevant facts of this matter are as follows:

Lincare is a private corporation that provides respiratory care, infusion therapy, and medical equipment to patients in their homes.  [Complaint ¶ 10].  Some services provided by Lincare are paid through various insurance programs including Medicaid, Medicare, and other federal and state funded health care programs.  [Complaint ¶ 11].

From November 1999 to January 4, 2002, Cressman was employed by Lincare as the Center Manager of its Huntingdon Valley facility.  [Complaint ¶

4

13].  From July 2001 to January 4, 2002, Brennan was employed by Lincare as a Client Service Representative at its Huntingdon Valley facility.  [Complaint ¶ 14].

Between August 2001 and December 31, 2001, Cressman and Brennan allegedly made complaints to regional-level managers and the corporate compliance officer of Lincare about its alleged "wrongful and/or wasteful practices."  [Complaint ¶¶ 18 - 20].  On or about January 4, 2002, both Plaintiffs were terminated from their employment.  [Complaint ¶ 21].

On May 31, 2002[1], Plaintiffs filed an action in the Eastern District of Pennsylvania alleging that they were unlawfully terminated by Lincare.  In Counts I and III of their Complaint, Plaintiffs allege that Lincare discharged them in violation of the Pennsylvania Whistleblower Law.  [Complaint ¶¶ 29, 38].  In Counts II and IV of their Complaint, Plaintiffs allege that Lincare wrongfully discharged them in violation of the public policy of Pennsylvania, as set forth in the Whistleblower Law.  [Complaint ¶¶ 32, 41].  Plaintiffs provide no other basis for their common law wrongful discharge claim than Lincare's alleged violation of the Whistleblower Law.

### III.   Argument

#### A.   Standard for Judgment on the Pleadings

A motion for judgment on the pleadings should be granted where, viewing the facts presented in the pleadings and the inferences to be drawn

therefrom in the light most favorable to the nonmoving party, the district court determines that it is clearly established that no material issue of fact remains to be resolved and the moving party is entitled to judgment as a matter of law. Hayes v. Community General Osteopathic Hosp., 940 F.2d 54, 56 (3d Cir. 1991), cert. denied, 502 U.S. 1060 (1992).

    B.    **Plaintiffs' Whistleblower Claims**

The Pennsylvania Whistleblower Law prohibits a public body from discharging an employee who has made a good faith report of wrongdoing or waste to the employer or an appropriate authority. 43 Pa C.S.A. § 1423. "Wrongdoing" is defined in the statute as any violation of any state, federal or local law, regulation, ordinance, code of conduct or code of ethics designed to protect the interest of the public or the employer. 43 Pa.C.S.A. §1422.

Here, Plaintiffs base their Whistleblower Law claims on reports each allegedly made of Lincare's alleged wrongdoing to Lincare management and their alleged terminations as a consequence of said reports. [Complaint ¶¶ 18-19]. As described below, both Cressman's and Brennan's Whistleblower Law claims are based on facts identical to Plaintiffs' common law wrongful discharge claims.

---

[1] Plaintiffs' first complaint was filed on May 9, 2002, and subsequently amended.

6

### C. Wrongful Discharge Claims

Under Pennsylvania law, the general rule regarding termination of employment allows employers to terminate at-will employees for any reason or for no reason at all. McLaughlin v. Gastrointestinal Specialists, Inc., 696 A.2d 173 (Pa Super. 1997), aff'd, 750 A.2d 283 (Pa. 2000), Freeman v. McKellar, 795 F. Supp. 733, 741 (E.D. Pa. 1992). Common law principles do establish a narrow exception to the general rule when an employee has been terminated in violation of a "significant, clearly mandated public policy." Brown v. St. Luke's Hospital, 816 F. Supp. 342, 344 (E.D. Pa. 1993); Freeman, 795 F. Supp. at 741. Under this exception, an employee has a cause of action for wrongful discharge only "where some recognized facet of public policy is threatened." Geary v. U.S., 456 Pa. 171, 319 A.2d 174, 180 (1974). The sources for such public policy include "legislation; administrative rules, regulation, or decision; and judicial decision." Cisco v. UPS, Inc., 476 A.2d 1340, 1343 (Pa. Super. 1980). Moreover, this exception applies only where (1) an employer requires an employee to commit a crime; (2) an employer prevents an employee from complying with a statutory duty, or (3) a statute prohibits discharge. Shick v. Shirey, 691 A.2d 51, 513 (Pa. Super. 1997), rev'd on other grounds, 716 A.2d 1231 (Pa. 1998).

Here, the basis for both Cressman's and Brennan's common law wrongful discharge claim is "the public policy exception of Pennsylvania, as reflected in the Whistleblower Law." [Complaint ¶¶ 32, 41].

7

### D.  Plaintiffs Cannot Maintain a Wrongful Discharge Claim Where An Alternate Statutory Remedy Is Available.

In this matter, the statute that Plaintiffs cite as the foundation of their wrongful discharge action provides its own set of remedies.  Specifically, theWhistleblower Law provides:

> A court, in rendering a judgment in an action brought under this act, shall order, as the court considers appropriate, reinstatement of the employee, the payment of back wages, full reinstatement of fringe benefits and seniority rights, actual damages or any combination of these remedies.  A court may also award the complainant all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, if the court determines that the award is appropriate.

43 Pa. C.S.A. § 1425.  Although Lincare does not challenge Plaintiffs' assertions that this statute expresses a public policy of Pennsylvania, by both Pennsylvania decisional law and statute, Plaintiffs cannot maintain a common law wrongful discharge claim where an independent statutory remedy exists.

The United States Court of Appeals for the Third Circuit has flatly stated that "where the public policy allegedly implicated by the employee discharge is derived entirely from a statute that also provides a legal remedy, Pennsylvania courts will not recognize a common law cause of action."  <u>Murray v. Commercial Union Ins. Co.</u>, 782 F.2d 432, 436-37 (3d Cir. 1986).  In <u>Murray</u>, the court held that the plaintiff could not pursue an action for wrongful discharge

8

based on age discrimination, in light of the state statutory remedy available under the Pennsylvania Human Relations Act ("PHRA").  Id. at 436-37.  The court cited two previous decisions in support of this proposition, both of which prevented the pursuit of a wrongful discharge action because of the remedies provided by the PHRA even where the plaintiff had not invoked the statute by advancing a claim under the statute.  Wolk v. Saks Fifth Ave., Inc., 728 F.2d 221, 223-24 (3d Cir. 1984) (availability of a PHRA remedy precludes other common law remedies even where the statute has not been invoked); Bruffett v. Warner Communications, Inc., 692 F.2d 910, 919 (3d Cir. 1982) (same); cf. Perks v. Firestone Tire and Rubber Co., 611 F.2d 1363, 1365-66 (3d Cir. 1979) (wrongful discharge action permitted where state statute provided for only criminal penalties).

Similarly, in Hicks v. Arthur, 843 F. Supp. 949 (E.D. Pa. 1994), this Court stated that "a [wrongful discharge] cause of action may be maintained when there is no available statutory remedy for an aggrieved employee."  Id. at 956-57.  The court commented that, "where the legislature has enacted laws which precisely protect the interests of employees that the plaintiff alleges have been violated, then the plaintiff's cause of action cannot be maintained."  Id. at 957.  Addressing the plaintiffs' claims for wrongful discharge based on racial discrimination, the court found that "claims of racial discrimination in the workplace cannot be heard as claims of wrongful discharge through the public policy exception where there are statutory remedies available which Plaintiffs may pursue, namely under the

9

Pennsylvania Human Relations Act, Section 1981 and Title VII of the Civil Rights Act." Id. at 957.

That reasoning has been applied to Whistleblower Law cases. In Katzenmoyer v. City of Reading, 158 F. Supp.2d 491 (E.D. Pa. 2001) this court held that a wrongful discharge cause of action was maintainable only when an employer's alleged wrongful actions are completely independent from Whistleblower Law violations. Similarly, in Freeman, 795 F.Supp. 733, this court dismissed the plaintiff's wrongful discharge claim because a statutory remedy was available under Whistleblower Law.

The facts in Freeman are nearly identical to those in the instant case. In Freeman, the plaintiff-employee brought state law claims against the defendant-employer alleging that the defendant had violated the Whistleblower Law. Plaintiff also alleged he was wrongfully discharged. The defendant moved to dismiss the plaintiff's wrongful discharge cause of action. The Court held that "(a) cause of action for wrongful discharge … may be maintained only in the absence of a statutory remedy for an aggrieved employee (citations omitted)" and, because plaintiff had an appropriate statutory remedy under the Whistleblower Law, granted defendant's motion to dismiss. Id.

Moreover, the Pennsylvania legislature has specifically addressed the issue of alternate common law remedies where a statutory remedy is provided. 18 P.S. § 1504 provides as follows:

10

> § 1504. Statutory remedy preferred over common law
>
> In all cases where a remedy is provided or a duty is enjoined or anything is directed to be done by any statute, the directions of the statute shall be strictly pursued, and no penalty shall be inflicted, or anything done agreeably to the common law, in such cases, further than shall be necessary for carrying such statute into effect.

18 P.S. § 1504.

Consistent with this statute, the courts of Pennsylvania have generally held that a plaintiff cannot pursue a common law remedy where a constitutionally adequate statutory scheme exists.  See, e.g., Pittsburgh Coal Co. v. School Dist. of Forward Township, 78 A.2d 253 (Pa. 1951) (plaintiff not allowed to pursue separate common law action where statutory scheme for challenging tax assessment had been invoked); Thompson v. Morrison, 44 A.2d 55 (Pa. 1945) (where statutory remedy is provided, it is exclusive and no resort to a common law remedy may be made); White v. Old York Road Country Club, 178 A.3d (Pa. 1935) (where statutory remedy provided, it must be followed to the exclusion of common law remedies); Hardcourt v. General Accident Ins. Co., 615 A.2d 71 (Pa. Super. 1992) (where there is a clear and adequate statutory remedy, that remedy is exclusive).  The only case found allowing both a wrongful discharge claim based on a Whistleblower Law violation, **and** a claim for an alleged Whistleblower Law

11

violation, <u>Denton v. Silver Stream Nursing and Rehabilitation Ctr.</u>, 739 A.2d 571 (Pa. Super. 1999), is distinguishable because the <u>Denton</u> court held only that an alleged Whistleblower Law violation fell within the public policy wrongful discharge exception. The <u>Denton</u> court did not address, or indeed discuss, Pennsylvania precedent barring simultaneous Whistleblower Law claims and wrongful discharge claims based solely on Whistleblower Law violations.

Thus, notwithstanding the general availability of a wrongful discharge cause of action based on a violation of public policy, such a claim is not available when there is an alternate statutory remedy available to an aggrieved employee. As set forth above, the Pennsylvania legislature has clearly addressed the alleged wrongs set forth in Counts II and IV of Plaintiff's Complaint in the provisions of the Whistleblower Law. <u>See</u> 42 Pa. C.S.A. § 1425. Allowing recovery under a common law tort theory of wrongful discharge would not only violate the case law and statute discussed above, but would also circumvent the clearly expressed intention of the Pennsylvania legislature to provide a statutory basis for recovery and to limit damages under these circumstances. <u>See</u> 42 Pa C.S.A. § 1425 (comprehensive list includes phrase "actual damages," not punitive damages).

Because the Whistleblower Law clearly provides a remedy for Plaintiffs' claims[2], no separate wrongful discharge action may be maintained by

---

[2]  Lincare does not concede that it is a public body as defined in the Whistleblower Law, and will raise that legal position at the appropriated time.

Plaintiffs pursuant to the public policy set forth in the Whistleblower Law.  Counts II and IV of Plaintiffs' Complaint, Plaintiffs' common law wrongful discharge claims, are as follows:

> (For Jay C. Cressman)
>
> ¶ 31.  Plaintiff incorporates herein by reference paragraphs 1 through 30 of this complaint, as though each were set forth in their entirety.
> ¶ 32.  Lincare's discharge of plaintiff from his employment was in violation of the public policy of Pennsylvania, as reflected in the Whistleblower Law, of preventing fraud, waste and wrongdoing by a "public body" such as Lincare.
> ¶ 33.  As a result of his wrongful discharge, plaintiff suffered the harms and damages alleged herein.
>
> (For Nicole Brennan)
>
> ¶ 40.  Plaintiff incorporates herein by reference paragraphs 1 through 39 of this complaint, as though each were set forth in their entirety.
> ¶ 41.  Lincare's discharge of plaintiff from her employment was in violation of the public policy of Pennsylvania, as reflected in the Whistleblower Law, of preventing fraud, waste and wrongdoing by a "public body" such as Lincare.
> ¶ 42.  As a result of her wrongful discharge, plaintiff suffered the harms and damages alleged herein.
>
> See Complaint.

As documented above, Plaintiffs have no basis for their wrongful discharge claims other than policy violations based solely on Lincare's alleged violation of the Whistleblower Law.  As held in <u>Katzenmoyer</u> and <u>Freeman</u>, supra,

13

Plaintiffs may not maintain a common law wrongful discharge based solely on an alleged Whistleblower Law violation, and those Counts should be dismissed.

> **B.    Plaintiffs' Demand for a Jury Trial should be Stricken Because the Whistleblower Law does not provide the Right to a Jury Trial**

On its face, the Whistleblower Law is silent on the issue of the right to a jury trial. This Court, however, has held that the Whistleblower Law does not provide the right to a jury trial. <u>Freese v. Centennial S.D.</u>, 1999 U.S. Dist. LEXIS 11710, No. 98-1773 (E.D. Pa. July 22, 1999)

In <u>Freese</u>, the employee brought an action alleging that this employer had terminated him in violation of the Whistleblower Law, and requested a jury trial. This Court granted defendant's motion to strike plaintiff's demand for a jury trial, noting that the two Pennsylvania courts that "considered the (jury trial) issue have determined there is no right to a jury trial under the Whistleblower Law" and predicting that "the Pennsylvania Supreme Court would reach the same conclusion." <u>Id.</u> at *3.

Here, Plaintiffs have asserted causes of action under the Whistleblower Law and common law wrongful discharge. As detailed above, Plaintiffs' common law wrongful discharge claim is barred because of Plaintiffs' statutory remedy under the Whistleblower Law. Thus, Plaintiffs' only remaining claim is the alleged violation of the Whistleblower Law. As held in <u>Freese</u>,

Plaintiffs have no right to a jury trial under the Whistleblower Law, and the jury demand should be stricken.

## III.  Conclusion

For the foregoing reasons Defendant Lincare Inc. requests that Plaintiffs' wrongful discharge claim be dismissed and Plaintiffs' demand for jury trial be stricken.

Dated:  October ___, 2002

                            STEVENS & LEE

                            By  _____
                                  Charles J. Bloom
                                  Attorney I.D. No. 10086
                                  One Glenhardie Corporate Center
                                  Suite 202
                                  1275 Drummers Lane
                                  P.O. Box 236
                                  Wayne, Pennsylvania 19087-0236
                                  (610) 964-1480

                            Attorneys for Defendant Lincare Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| _____ | |
| JAY C. CRESSMAN<br>and NICOLE BRENNAN,<br>    Plaintiffs,<br><br>        v.<br><br>LINCARE INC.,<br>    Defendant.<br>_____ | :   CIVIL ACTION NO. 02-CV-2783<br>:<br>:<br>:   The Honorable Judge Katz<br>:<br>:<br>:<br>:<br>:<br>: |

## **ORDER**

AND NOW, this ____ day of _____, 2002 upon consideration of Defendant's Motion for Judgment on the Pleadings and Defendant's Motion to Strike Plaintiffs' Demand for a Jury Trial, the brief in support thereof, and Plaintiffs response thereto, it is hereby ordered that said motion is GRANTED. Judgment is entered in favor of the Defendant and against Plaintiffs.

                                                                       _____
                                                                       Marvin Katz, J.

16

## CERTIFICATE OF SERVICE

      The undersigned, counsel for Lincare Inc., certifies that a true and correct copy of the foregoing motion and accompanying memorandum of law was served upon the following counsel of record by facsimile and first class mail:

      Gerald J. Williams, Esq.
      William Cuker & Berezofsky
      One Penn Center at Suburban Station Building
      1617 JFK Blvd, Suite 800
      Philadelphia, PA  19103-1895

                                                  _____

Date:  October \_\_\_, 2002

"WORD"

Long Document Name:     MOTION

System Document Number: 278242 (SL1) MBES

Additional Information: Lanier dictation

---

You will have line numbers down the side of each draft document unless you indicate otherwise. 1.5 line spacing will be used on all drafts unless you indicate otherwise.

Return To: _____     Location: _____

Return:  _____draft  _____final  _____redlined  _____stapled

Line Spacing:  _____ same  _____ 1.0  _____ 1.5  _____ 2.0

Duplicate: _____ yes _____ no (New Client/Matter No: _____ )

Save New Version For Redlining Prior To Revisions:  _____ yes _____ no

Caret Method _____   Standard Method _____

---

Notes:


Origination Date:       July 17, 2002

Author's Initials:      MBES

Last Revised By:        ssc

Last Edit Date: