IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT COURT OF PENNSYLVANIA

| | |
|---|---|
| _____ : | |
| JAY C. CRESSMAN | CIVIL ACTION NO. 02-CV-2783 |
| and NICOLE BRENNAN, : | |
|      Plaintiffs, | |
| : | |
| | The Honorable Judge Katz |
| : | |
|    v. | |
| : | |
| LINCARE INC., : | |
|      Defendant. | |
| _____ : | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS AND TO
<u>STRIKE PLAINTIFFS' DEMAND FOR A JURY TRIAL</u>**

_____1. and 2.  Denied. These paragraphs are conclusions of law to which no response is required.

_____Wherefore, for the reasons set forth above and in the accompanying brief in support of Plaintiffs' response to Defendant's motions, plaintiffs request that this Court deny defendant's Motions for Judgment on the Pleadings and to

Strike Plaintiffs' Demand for a Jury Trial.

        Respectfully submitted,

        _____
        GERALD J. WILLIAMS, ESQUIRE
        Attorney I.D. #36418
        Williams, Cuker & Berezofsky
        One Penn Center at Suburban Station Building
        1617 JFK Boulevard, Suite 800
        Philadelphia, PA 19103-1895
        (215) 557-0099

        Counsel for Plaintiffs

Dated:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT COURT OF PENNSYLVANIA

_____     :

**JAY C. CRESSMAN**                 :     **CIVIL ACTION NO. 02-CV-2783**
**and NICOLE BRENNAN,**             :
      **Plaintiffs,**
                                    :
                                          **The Honorable Judge Katz**
                                    :

    v.                         :

                                    :

**LINCARE INC.,**                   :
      **Defendant.**
_____     :

**PLAINTIFFS' BRIEF IN RESPONSE TO DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS AND MOTION
TO STRIKE PLAINTIFFS' DEMAND FOR A JURY TRIAL**

I. **INTRODUCTION**

Plaintiffs Jay Cressman and Nicole Brennan bring this action against Lincare Inc. ("Lincare"), their former employer, after both were terminated from their employment mere hours after raising concerns with Lincare's management about instances of illegality and waste. Lincare now files this motion arguing that plaintiffs' wrongful discharge claim is barred under Pennsylvania law. For the reasons which follow, its motion must be denied.

## II. ARGUMENT

### A. PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS.

Plaintiffs' wrongful discharge claim is not barred under Pennsylvania Law. Lincare's argument that one may not pursue a common law wrongful discharge claim where an "adequate statutory remedy" exists simply does not apply to a claim brought under Pennsylvania's Whistleblower Law.

The only Pennsylvania case which analyzes both a Whistleblower Law claim and a common law wrongful discharge claim is <u>Denton v. Silver Stream Nursing and Rehabilitation Ctr.</u>, 739 A.2d 571 (Pa. Super. 1999). In that case, plaintiff was fired from her employment as defendant's directress of nursing after reporting abuses she had witnessed to state authorities. <u>Id</u> at 573. Her various claims were initially dismissed by the trial court because she had failed to make allegations which provided her with a legal basis of recovery. <u>Id</u> at 574. The Superior Court reversed. It held that plaintiff had established a valid cause of action under the Whistleblower Law in as much as her employer, though a private corporation was, like Lincare, subject to the statute because a substantial part of its revenue was in government funds. The court held further that a violation of the Whistleblower Law comprised a violation of the explicit "public policy" of Pennsylvania, and could therefore form the basis of a common law wrongful discharge claim. <u>Id</u> at 576-77. In direct

2

contradiction of Lincare's argument, Denton affirmed that a common law claim for wrongful discharge and a statutory claim under the Whistleblower Law may be brought in the same action. Id at 576-77.

Lincare admits in its brief that none of the Pennsylvania cases it cites other than Denton involve a wrongful discharge claim based upon a violation of the Whistleblower Law. The Pennsylvania cases cited by defendant are easily distinguishable from the one at bar.

In Pittsburgh Coal Co. v. School Dist. Of Forward Township, 78 A.2d 253 (Pa. 1951), Thompson v. Morrison, 44 A.2d 55 (Pa. 1945), and White v. Old York Road Country Club, 178 A.3 (Pa. 1935) the Pennsylvania Supreme Court held that if a citizen elects not to pursue a particular statutory remedy, he cannot prevail under a generic common law theory. See e.g., White 178 A.3 at 349-50. This principle was followed by the Superior Court in Harcourt v. General Accident Ins. Co., 615 A.2d 71,75 (Pa. Super. 1992) (recognizing that where statutory remedy is clearly available, it is preferable to that available at common law). In each instance, the legislature had set out an exclusive remedy for the conduct complained of. This is in contrast to the law of wrongful discharge, where the legislature has not limited a plaintiff's remedies. These cases do not stand for a rule absolutely prohibiting a common law claim where a statutory remedy exists. To the contrary, they apply only

where an exclusive statutory remedy has been legislatively mandated, and no common law remedy exists. Thus, they are inapplicable to the situation before this Court.

The federal cases cited by Lincare are not controlling on this Court. They are, nonetheless, distinguishable. In Murray v. Commercial Union Ins. Co., 782 F.2d 432 (3d Cir. 1986), and Hicks v. Arthur, 843 F. Supp. 949 (E.D. Pa. 1994), the remedies sought under statutory federal civil rights claims and the common law wrongful discharge claims were identical. See e.g., Hicks 843 F. Supp. at 957. That is not true with respect to remedies under the Whistleblower Law and the tort of wrongful discharge, however. For example, under their common law claims, plaintiffs here would be entitled to recover emotional distress damages [unavailable under the Whistleblower Law], but would not be eligible for reinstatement or an award of attorney fees [available under the Whistleblower Law].

There is an additional reason why Lincare should not be permitted to benefit from any remedial limitations of the Whistleblower Law. While the affirmative obligations and prohibitions of that statute are properly imposed on Lincare because of its control and handling of public funds, it remains a for-profit, private corporation. The more expansive remedies of the common law are more appropriate in a case against an entity like Lincare than they might be against a "purely" public body - against whom claims did not exist at common law.

Finally, the two federal cases that Lincare cites for an analysis of both types of claims do not control the court's analysis here. As Lincare points out, and the courts in <u>Katzenmoyer v. City of Reading</u>, 158 F. Supp. 2d 491 (E.D.Pa. 2001) and <u>Freeman v. McKellar</u>, 795 F.Supp. 733 (E.D. Pa. 1992) recognize, this case is controlled by Pennsylvania law.  <u>See</u> <u>e.g.</u>, <u>Freeman</u> 795 F. Supp. at 741 (applying Pennsylvania law to determine if employment terminated in violation of public policy).  In construing that law, of course, this court must predict what the Pennsylvania Supreme Court would hold in a similar situation. There is nothing in Lincare's brief which would compel a conclusion other than that asserted by plaintiffs in this case, and no prediction of what the Pennsylvania high court would hold is better than the decision of the Commonwealth's intermediate appellate court.

**B.   PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' DEMAND FOR A JURY TRIAL**

Because plaintiffs may maintain a common law claim for wrongful discharge, they have a right to a jury trial and Defendant's motion must be denied.

## III. <u>CONCLUSION</u>

For the foregoing reasons plaintiffs request that Lincare's Motion for Judgment on the Pleadings and to strike their demand for jury trial be denied.

>
> Respectfully submitted,
>
>
> _____
> GERALD J. WILLIAMS, ESQUIRE
> Attorney I.D. #36418
> Williams, Cuker & Berezofsky
> One Penn Center at Suburban Station Building
> 1617 JFK Boulevard, Suite 800
> Philadelphia, PA 19103-1895
> (215) 557-0099
>
> Counsel for Plaintiffs

Dated:_____

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT COURT OF PENNSYLVANIA

| | |
|---|---|
| _____ : | |
| **JAY C. CRESSMAN** : | **CIVIL ACTION NO. 02-CV-2783** |
| **and NICOLE BRENNAN,** : | |
| **Plaintiffs,** | |
| : | |
| | **The Honorable Judge Katz** |
| : | |
| v. | |
| : | |
| **LINCARE INC.,** : | |
| **Defendant.** | |
| _____ : | |

## **ORDER**

AND NOW, this    day of    , 2002 upon consideration of Plaintiffs' Response to Defendants Motion for Judgment on the Pleadings and Defendant's Motion to Strike Plaintiffs' Demand for a Jury Trial, the brief in support thereof, it is hereby ordered that Defendant's motions are DENIED.

_____
Marvin Katz, J.

## CERTIFICATE OF SERVICE

**I, GERALD J. WILLIAMS**, hereby certify that on this date I served a true and correct copy of the foregoing Plaintiffs' Response to Defendant's Motion to Strike Plaintiffs' Demand for a Jury Trial, with supporting brief and proposed order by U.S. first class mail, postage prepaid upon the following counsel:

>Charles J. Bloom, Esquire
>Marianne Bessey, Esquire
>Stevens & Lee
>One Glenhardie Corporate Center
>Suite 202
>1275 Drummers Lane
>P.O. Box 236
>Wayne, PA 19087-0236

>GERALD J. WILLIAMS, ESQUIRE

Date: November 20, 2002